[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has commenced this action seeking to recover legal fees for services performed for the defendant.
The evidence has established that on November 25, 1997 the plaintiff entered into a written agreement with the plaintiff law firm. The agreement provided the plaintiff would represent the defendant for claims CT Page 9071 related to the Estate of Thomas Tupay. The defendant contended she was entitled to recover from the assets of the decedent for services rendered, and for her claimed interest in real estate in the Estate of Thomas Tupay. The agreement provided the defendant was to pay an hourly rate for the services to be performed by the members of the plaintiffs law firm.
Another agreement signed by the defendant on the same date related to legal services to be performed by the plaintiff in an eviction action brought by the Estate of Thomas Tupay. This claim required a defense to a legal action to compel the defendant to vacate the premises occupied by the defendant. This agreement also provided for payment of an hourly rate for the legal services.
The complaint refers to the written agreements as the basis for the claims of the plaintiff for legal services. The written agreements do not include a right of recovery for a third claim made by the plaintiff. This third claim relates to a tort claim by Milton Tupay, and the plaintiffs charges for legal services provided in defense of that action. These services were not covered by the allegations of the complaint, and they do not fall within the scope of the services addressed in the written agreements.
This, court finds that as to the first claim relating to the dispute in the Probate Court that the defendant paid $3,024.00 toward the total sum of $8,214.00. That total included fees of $7,572.50 and costs of $641.50.
The evidence in the second claim relating to the eviction proceeding has established the defendant was responsible for $6,690.00 for legal fees plus costs of $60.00. The defendant has paid on this claim the sum of $1,845.00 which left a balance due of $4,905.00.
The total sum found to be due to the plaintiff is $10,095.00. The claim for interest is denied because of the disputed issues between the parties, and the interest claim has not been established by the evidence or the pleadings to be due to the plaintiff.
Judgment shall enter for the plaintiff for $10,095.00 plus costs.
 Howard F. Zoarski Judge Trial Referee